# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| AMALIE MUNSON, | DOCKET NUMBER |
| Appellant, | SF-0752-13-1073-A-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: July 15, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Neil C. Bonney, Esquire, Virginia Beach, Virginia, for the appellant.

Kevin D. Cox, Herlong, California, for the agency.

Tiffany J. Hall, Warren, Michigan, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The agency has filed a petition for review of the initial decision, which granted the appellant's request for $1,540 in additional attorney fees incurred after filing a petition for enforcement of a settlement agreement that resolved the underlying appeal. For the reasons discussed below, we GRANT the agency's

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

petition for review and REVERSE the initial decision. We DENY the appellant's petition for additional attorney fees.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2     On October 22, 2013, the parties entered into a negotiated settlement agreement (NSA) resolving the appellant's removal appeal. *Munson v. Department of the Army*, MSPB Docket No. SF-0752-13-1073-I-1, Initial Appeal File (IAF), Tab 18. In relevant part, the NSA provided that the agency would pay the appellant's counsel "reasonable attorney fees in an amount as determined by the Administrative Judge upon application of a fee motion," and that such amount would be "in full settlement of all claims of attorney fees and expenses related in any way to this case" and would constitute a "full and final resolution of the matter of attorney fees and costs." *Id.* at 5. In a November 20, 2013 initial decision, the administrative judge found Board jurisdiction over the appeal, entered the NSA into the record for purposes of enforcement, and dismissed the appeal as settled. IAF, Tab 23, Initial Decision (ID). The administrative judge did not make a determination of reasonable attorney fees; rather, in the initial decision, she set out the following course of action, to which the parties had agreed, to determine reasonable attorney fees and costs:

> (1) the appellant will submit her request for payment of attorney fees and expenses to the agency; (2) the agency will respond to the fee request within 15 calendar days, stating the amount of attorney fees and expenses that it deems reasonable and intends to pay; and (3) if the appellant disagrees with the agency's response, she may file a petition for enforcement (PFE) asking the Board to enforce [the attorney fee provision] of the settlement agreement.

ID at 2.

¶3     The parties did not agree on an amount of reasonable attorney fees and the appellant filed a petition for enforcement on December 31, 2013, seeking, in

pertinent part, $41,697.41 in attorney fees and costs.[2] *Munson v. Department of the Army*, MSPB Docket No. SF-0752-13-1073-C-1, Compliance File (CF), Tab 1 at 109. In response, the agency asserted that the appellant's petition for enforcement should be dismissed because the agency was in compliance with the NSA and the administrative judge had not yet rendered a decision on the fee motions in the underlying appeal. CF, Tab 3 at 5. In a September 19, 2014 compliance initial decision, the administrative judge ordered the agency to pay $41,122.13 in attorney fees and costs, i.e., the requested amount of $41,697.41 less $575.28 in disallowed costs. CF, Tab 9, Compliance Initial Decision (CID) at 7.

¶4 Neither party petitioned for review of the compliance initial decision, and the case was referred to the Board's Office of General Counsel to obtain compliance. *See Munson v. Department of the Army*, MSPB Docket No. SF-0752-13-1073-X-1, Final Order at 2 (Jan. 12, 2015) (Final Order). The Board found the agency in compliance and dismissed the petition for enforcement. *Id.*

¶5 The appellant then filed a petition for attorney fees seeking an additional $1,540 for work done on the appeal subsequent to filing the petition for enforcement, including correspondence regarding attorney fees, review of the compliance initial decision and final order, and preparation of the petition for additional fees. *Munson v. Department of the Army*, MSPB Docket No. SF-0752-13-1073-A-1, Attorney Fee File (AFF), Tab 1 at 10-13. The administrative judge issued an acknowledgment order setting forth the appellant's burden of proof and

---

[2] The appellant submitted two "amended summar[ies] of fees and expenses" requesting different amounts—$41,337.41 and $41,697.41, respectively—as attachments with her petition for enforcement. *See Munson v. Department of the Army*, MSPB Docket No. SF-0752-13-1073-C-1, Compliance File (CF), Tab 1 at 4-15, 20, 109-10. Although the administrative judge mentioned that the appellant requested $41,337.41 in fees and costs, he ultimately based the fee award on the higher figure. *See* CF, Tab 9, Compliance Initial Decision (CID) at 4, 7. This amount included the original fee request of $38,737.41 plus additional fees for work done between November 15, 2013, and December 31, 2013, less $1,200 in connection with an earlier billing error. CF, Tab 1 at 109-10; IAF, Tab 19 at 22.

affording the agency 30 days to respond to the appellant's motion. AFF, Tab 2 at 2-3. The agency did not submit any response. The administrative judge granted the petition and found that the appellant was entitled to the requested fees. AFF, Tab 5, Attorney Fee Initial Decision (AFID) at 3. The agency petitioned for review, arguing that it has been in compliance with the NSA at all times and that the appellant was not entitled to any additional attorney fees. Petition for Review (PFR) File, Tab 1 at 6-7. The appellant responded in opposition, and the agency submitted a reply to the appellant's response. PFR File, Tabs 2, 4.

¶6        As noted, the agency did not respond below to the appellant's petition for additional fees. Ordinarily, the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). However, the Board has noted that *Banks* did not involve a Board order directing the payment of public funds in contravention of any federal statute. *Smith v. Department of the Navy*, 113 M.S.P.R. 430, ¶ 6 (2010). Here, the appellant's fee petition arises under 5 U.S.C. § 7701(g)(1), which governs the attorney fees award in an adverse action appeal, such as this one. 5 U.S.C. § 7701(a); *Sanchez v. Department of Homeland Security*, 116 M.S.P.R. 183, ¶ 9 (2010); *see* CID at 1. Because we find that the administrative judge's order would erroneously require the agency to pay funds that are not authorized under 5 U.S.C. § 7701(g)(1), we will address the agency's argument. *See Smith*, 113 M.S.P.R. 430, ¶ 6.

¶7        Pursuant to 5 U.S.C. § 7701(g)(1), the Board may require an agency to pay reasonable attorney fees incurred by an employee, including fees incurred during litigation of a petition for enforcement, if the employee is the prevailing party and the Board determines that such payment is warranted in the interest of justice. *Shelton v. Environmental Protection Agency*, 115 M.S.P.R. 177, ¶ 7 (2010). An appellant bears the burden of proving her entitlement to attorney fees by showing

that: (1) an attorney-client relationship existed and fees were incurred; (2) she is the prevailing party; (3) an award of fees is warranted in the interest of justice; and (4) the fees are reasonable. *Id.*, ¶ 12. Here, the administrative judge found that the first three factors were undisputed and that the fees claimed were reasonable; thus, he concluded that the appellant satisfied her burden of proving her entitlement to additional attorney fees in connection with her petition for enforcement. AFID at 2-3. The agency argues, though, that the appellant is not entitled to additional fees because she was not a prevailing party in the compliance proceedings. *See* PFR File, Tab 1 at 7, Tab 4 at 5, 8.

¶8        To show that she is the prevailing party in the compliance phase of the proceedings, an appellant must establish that the agency materially breached the Board's enforceable order or the settlement agreement at issue. *See Shelton*, 115 M.S.P.R. 177, ¶ 12; *see also Greco v. Department of the Army*, 852 F.2d 558, 561 (Fed. Cir. 1988) (stating that "[r]ecovery of attorney fees is limited to those areas where respondent has been found in noncompliance"). A material breach is one that relates to a matter of vital importance and goes to the essence of the contract. *Young v. U.S. Postal Service*, 113 M.S.P.R. 609, ¶ 10 (2010). Here, the appellant contends that the agency breached the settlement agreement by not paying reasonable attorney fees until ordered to do so by the Board. PFR File, Tab 2 at 5-6. In support, she relies on the compliance final order stating that the compliance initial decision found "the agency noncompliant with a settlement agreement." *Id.* at 5. But the agency argues that it was never noncompliant with the settlement agreement or a Board order and that it timely paid attorney fees and costs after the administrative judge rendered his decision. *See* PFR File, Tab 1 at 7, Tab 4 at 7-8.

¶9        A settlement agreement is a contract, and, as such, will be enforced in accord with contract law. *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 7 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011). As discussed above, the NSA specifically provided that the agency would pay the

appellant's counsel "reasonable attorney fees in an amount as determined by the Administrative Judge upon application of a fee motion." IAF, Tab 18 at 5. In our view, the agency's obligation to pay fees did not arise until the administrative judge determined the amount owed under the agreement. The parties have not claimed, nor do we discern, that there is any other reasonable interpretation of this provision. *See* ID at 2-3 (reflecting that the parties agreed that the appellant would request fees, the agency would respond, and she could file a petition for enforcement if she disagreed with the agency's response). Thus, the administrative judge's determination of reasonable fees was not the result of a material breach of the agreement by the agency.

¶10 The administrative judge issued a determination of reasonable attorney fees on September 19, 2014, and the agency paid this amount to the appellant on November 18, 2014. *See* Final Order at 2. Thus, the agency paid the appellant "reasonable attorney fees" in the amount determined by the administrative judge within 2 months of the triggering event, which we find is a reasonable amount of time. *See, e.g.*, *Shelton*, 115 M.S.P.R. 177, ¶ 23 (finding that the agency did not breach the settlement agreement by paying the $61,000 in costs and attorney fees 78 days after entering into the agreement). Therefore, we find no merit to the appellant's claim that the agency was noncompliant with the original settlement agreement or that the agency failed to timely pay the fees ordered by the administrative judge.[3] *See* PFR File, Tab 2 at 6. We conclude that, because the

---

[3] The compliance initial decision did not find the agency noncompliant with its obligation under the NSA to pay reasonable attorney fees. *See* CID. Rather, pursuant to the NSA and the procedure prescribed by the initial decision dismissing the appeal as settled, the compliance initial decision simply determined reasonable attorney fees and costs incurred in the underlying appeal. *See* ID at 2-3; *see also* CID. Thus, the compliance final order mischaracterized the compliance initial decision insofar as it stated that the compliance initial decision found the agency in noncompliance with the NSA. *See* Final Order at 1-2. As such, the appellant's reliance on the compliance final order in support of her entitlement to additional attorney fees in unavailing; the compliance final order does not establish that the agency breached the NSA or that she was a prevailing party.

appellant has failed to show that the agency materially breached the settlement agreement, she has not shown that she was the prevailing party in the compliance proceeding for purposes of being entitled to attorney fees. *See Shelton*, 115 M.S.P.R. 177, ¶ 12.

## ORDER

In light of the foregoing, we REVERSE the attorney fee initial decision and DENY the appellant's petition for additional attorney fees.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

This Final Order is the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's

website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                     _____
                                   William D. Spencer
                                   Clerk of the Board

Washington, D.C.